UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AURORA MEDINA, | ) | CASE NO. 1:20-cv-00757 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | MAGISTRATE JUDGE DAVID A. RUIZ |
| TARGET CORPORATION, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) ) | |

**I. Procedural History**

On March 6, 2020, Plaintiff Aurora Medina ("Plaintiff") commenced an action against Defendant, Target Corporation, in the Court of Common Pleas for Cuyahoga County, Ohio, wherein Plaintiff alleged negligence due to injuries sustained while in a Target store restroom. (R. 1-1). On April 8, 2020, Defendant filed a Notice of Removal on the basis of diversity jurisdiction. (R. 1). Now pending is Defendant's motion for summary judgment (R. 15), which Plaintiff has opposed (R. 17), and Defendant further supports via a reply brief. (R. 18).

**II. Summary of Key Facts**

The following evidence of the record is largely undisputed. Plaintiff was born in 1945. (Medina Depo., R. 16-1 at PageID# 111-112). On March 13, 2018, Plaintiff was at Target with

her adult son and grandson. *Id*. at PageID# 118, 122, 124. It was a rainy day and she was wearing boots, a sweater, sweatpants, and a coat, according to the deposition testimony from Plaintiff and her son Mr. Valentin. (R. 16-1 at PageID# 125; *see also* Valentin Depo., R. 16-2 at PageID# 232). Plaintiff was not using a cane or walker, and had no trouble walking or getting around. (R. 16-1 at PageID# 126; R. 16-2 at PageID# 229-230, 250). During her shopping trip, Plaintiff asked her adult son to help her use the restroom. (R. 16-1 at PageID# 126). Plaintiff testified she was wearing jeans and needed his help opening the button, which was too tight. *Id*. at PageID# 128. He left after she sat down in the private family restroom, which had one toilet that had no stall around it. *Id*. at PageID# 126, 128, 130. After being reminded she earlier testified that she was wearing sweatpants, Plaintiff stated she was wearing jeans over her sweatpants. *Id*. at PageID# 128-129; *see also* R. 16-2 at PageID# 232.

When Plaintiff and her son both opened the door to the restroom, the lights were either already on or turned on by the sensor, and were bright enough so that everything could be seen. (R. 16-1 at PageID# 130; R. 16-2 at PageID# 235-238). In Requests for Admission, Plaintiff denied that the light was on when she entered the family restroom, indicating that "the light was off and then it turned on after I stepped into the bathroom due to the motion sensor." (R. 15-3 at PageID# 90, Exh. C). Plaintiff did not see any liquid, toilet paper, paper towel, or any other debris on the floor, save for some marks on the floor underneath the sink. (R 16-1 at PageID# 131-132). Plaintiff's son also did not recall seeing any liquid, debris, or trash on the floor. (R 16-2, at PageID# 239-240). After helping his mother, Plaintiff's son testified that he left the bathroom and closed, but did not lock, the door behind him. *Id.* at PageID# 240. Plaintiff then was the only person in the restroom. (Tr. 16-1, PageID# 138). Plaintiff testified that her son had locked the door. *Id.* at PageID# 132.

According to the Store Director of the Target where the incident occurred, Anthony J. Salerno, the lights in the family restroom operate through a motion sensor. (R. 15-4, Salerno Aff. ¶5). After ten minutes without movement, the motion sensor turns off the lights and the lights automatically turn on when the motion sensor detects any movement. *Id*. at ¶6. According to Plaintiff, she did not use the sink or check to see if the restroom door was locked. (R. 16-1, PageID# 133-134). She was not sure how long she had been sitting on the toilet when the lights "went out" (meaning they turned off), but indicated she thought it was "maybe two" minutes. *Id*. She testified that it was very dark when the lights turned off, and she was startled. *Id*. at PageID# 134.

After the lights turned off, Plaintiff did not "wave [her] hands around at all" to try to activate the motion sensor. (R. 16-1, PageID# 137). Plaintiff did, however, try screaming for her son. *Id.* Plaintiff then stood up without pulling her pants up and buttoning them. *Id.* She took two or three steps towards the sink before slipping and falling. *Id.* at PageID# 137-138. Plaintiff testified that she could not determine what caused her to slip and fall. (R. 16-1, PageID# 157). Plaintiff indicated that she was on the restroom floor crying out for help and bleeding for 25 to 30 minutes, and the lights remained off the entire time. *Id.* at PageID# 136.

According to Plaintiff's son, he was approached by a janitor who instructed him to go to the bathroom because someone fell. (R. 16-2 at PageID# 241). Plaintiff's son testified that the restroom door was locked. *Id*. It took about 25 minutes for a Target employee to find a key for the restroom door. *Id*. at PageID# 243. Plaintiff testified that the lights came back on when the door was opened. (R 16-1 at PageID# 135). Plaintiff's son testified that the lights did not come back on when the door opened, but did turn on once he stepped into the restroom. (R. 16-2, PageID# 244, 248). When he walked in, nothing on the floor caused him to slip. *Id*. at PageID#

3

247.

Shortly after her son opened the door, EMS workers arrived in an ambulance to assist Plaintiff. (R. 16-1 at PageID# 160).

### III. Summary Judgment Standard

Summary judgment is appropriate only if the moving party demonstrates there is no genuine dispute of material fact on an issue that would entitle the movant to judgment as a matter of law. Fed. R. Civ. P. 56(a). All evidence must be viewed in the light most favorable to the nonmovant, *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 390 (6th Cir. 2008), and all reasonable inferences are drawn in the non-movant's favor. *Rose v. State Farm Fire & Cas. Co.*, 766 F.3d 532, 535 (6th Cir. 2014). A factual dispute is only genuine, however, if a reasonable jury could resolve the dispute and return a verdict in the non-moving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). A disputed fact is material only if its resolution might affect the outcome of the case under the governing substantive law. *Rogers v. O'Donnell*, 737 F.3d 1026, 1030 (6th Cir. 2013).

### IV. Law and Analysis

#### A. Plaintiff Cannot Specify the Cause of Her Fall

To succeed on this slip-and-fall negligence claim, Plaintiff "must show the existence of a duty, a breach of the duty, and an injury resulting proximately therefrom." *Berkey v. Wal-Mart Stores, Inc.*, No. 15-CV-895, 2017 WL 5759360, at *1 (N.D. Ohio Nov. 28, 2017) (quoting *Menifee v. Ohio Welding Prods., Inc.*, 15 Ohio St. 3d 75, 77 (1984)). In its motion for summary judgment, Defendant relies upon Ohio law demonstrating that a party can only recover damages in a slip and fall accident as a business invitee if she can "establish responsibility, actual knowledge, or constructive knowledge of the danger on the part of the defendant." (R. 15,

4

PageID# 56, *citing Kern v. P.F. Chang's China Bistro, Inc.*, No. 1:13-CV-1503, 2014 WL 4656379 at *5 (N.D. Ohio Sep. 16, 2014) (*citing Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 477 (6th Cir. 2010))).

The Sixth Circuit has explained,

The law in the state of Ohio is clear that in order for a plaintiff to recover damages from a slip and fall accident as a business invitee, the following must be established:

1. That the defendant through its officers or employees was responsible for the hazard complained of; or

2. That at least one of such persons had actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly; or

3. That such danger had existed for a sufficient length of time reasonably to justify the inference that the failure to warn against it or remove it was attributable to a want of ordinary care.

*Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 476-477 (6th Cir. 2010) (q*uoting Combs v. First Nat'l Supermarkets, Inc.*, 105 Ohio App.3d 27, 663 N.E.2d 669, 670 (1995) (q*uoting Johnson v. Wagner Provision Co.*, 141 Ohio St. 584, 49 N.E.2d 925, 928 (1943)).

Defendant further relies upon a state appellate decision which found that "[t]o establish negligence in a slip and fall case, it is incumbent upon the plaintiff to identify or explain the reason for the fall. Where the plaintiff, either personally or by outside witnesses, cannot identify what caused the fall, a finding of negligence on the part of the defendant is precluded." *Berkey v. Wal-Mart Stores, Inc.*, 2017 WL 5759360 at *2 (Ohio Ct. App. Nov. 28, 2017) (quoting *Stamper v. Middletown Hosp. Ass'n*, 582 N.E.2d 1040, 1042 (Ohio App. Ct. 1989) (citing *Cleveland Athletic Ass'n Co. v. Bending*, 129 Ohio St. 152 (Ohio 1934)). Moreover, "in order for an inference to arise as to negligence of a party, there must be direct proof of a fact from which the inference can reasonably be drawn. A probative inference for submission to a jury can never

arise from guess, speculation or wishful thinking. The mere happening of an accident gives rise to no presumption of negligence. Importantly, a plaintiff may not speculate as to what caused the fall." *Parras v. Standard Oil Co.*, 116 N.E.2d 300, 302 (Ohio 1953). "A plaintiff cannot speculate as to what caused the fall. However, while a plaintiff must identify the cause of the fall, he does not have to know, for example, the oily substance on the ground is motor oil. Instead, it is sufficient that the plaintiff knows the oily substance is what caused his fall." *Beck v. Camden Place at Tuttle Crossing*, 2004-Ohio-2989 at ¶12, 2004 WL 1277044 (Ohio Ct. App. Jun. 10, 2004)

While Defendant owed a duty to its business invitees to "exercise ordinary care to maintain the premises in a reasonably safe condition so that [its] customers will not be unnecessarily and unreasonably exposed to danger", [1] Defendant is correct that Plaintiff cannot identify the source of her slip and fall. Based upon the relevant deposition testimony set forth above, neither Plaintiff nor her son offered any testimony identifying any object or substance on the family restroom's floor that caused her fall. Neither before nor immediately after the fall did Plaintiff identify anything causing her fall. Simply stating that she slipped is insufficient to withstand summary judgment and any suggestion that she slipped on "something," as opposed to simply stumbling or tripping over her own pants, is complete speculation.

In *Kern*, the district court granted summary judgment where Plaintiff stated she slipped on a liquid that she speculated came from some type of food given the oily nature of the food

---

[1] *Berkey*, 2017 WL 5759360, at *1 (quoting *Campbell v. Hughes Provision Co.*, 153 Ohio St. 9, 11 (1950)). Ohio recognizes that businesses owe a duty of ordinary care to invitees to keep their premises "in a reasonably safe condition so that invitees are not unnecessarily and unreasonably exposed to danger." *Kubiak v. Walmart Stores*, 132 Ohio App.3d 436, 725 N.E.2d 334 (Ohio Ct. 1999) (citations omitted).

served by the restaurant. 2014 WL 4656379 at *1, 6. Based on the facts herein, the case for summary judgment is even more compelling as Plaintiff has never identified the cause of her fall. Moreover, even if the court overlooks the lack of evidence on this issue, summary judgment would still be appropriate. As observed in *Kern*, the identification of the presence of a substance on the floor, without more, rendered summary judgment appropriate because the plaintiff therein did not attest that defendant or any of its officers or employees were aware of the substance before she fell, nor had the plaintiff pointed to any evidence showing how long the condition existed on the aisle floor prior to the accident in order to establish constructive knowledge. 2014 WL 4656379 at *6. Here too, Plaintiff points to no evidence capable of establishing actual or constructive knowledge by Defendant as to any hazardous condition in its restroom.

Therefore, summary judgment is appropriate with respect to Plaintiff's Complaint alleging a negligence claim.

### B. Darkness as the Cause of Plaintiff's Fall

Although Plaintiff was unable to identify any tangible object or substance causing her fall, she maintains that summary judgment is inappropriate because the darkness was the cause of her fall. (R. 17, PageID# 289). She contends that she was "thrust into involuntary darkness" and that "Defendant breached [its] duty when the motion sensor lights in the bathroom malfunctioned …." (*Id*. at PageID# 293).

Defendant counters that darkness is an "open and obvious" danger that a business owner owes no duty to protect against. (R. 18, PageID# 302). A shopkeeper "is under no duty to protect business invitees from dangers 'which are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them.'" *Paschal v. Rite Aid Pharmacy, Inc.*, 18 Ohio St.3d 203, 480 N.E.2d 474 (Ohio 1985);

7

*accord Simmers v. Bentley Constr. Co.*, 597 N.E.2d 504 (Ohio 1992); *Armstrong v. Best Buy Co.*, 2003-Ohio-2573, ¶1, 99 Ohio St. 3d 79, 79, 788 N.E.2d 1088, 1089 (Ohio 2003) ("The open-and-obvious doctrine remains viable in Ohio. Where a danger is open and obvious, a landowner owes no duty of care to individuals lawfully on the premises.")

In *Jeswald v. Hutt*, the Ohio Supreme Court held that "[o]ne who maintains a private motor vehicle parking area, for the accommodation of those he serves in a professional or business way, is generally under no legal obligation to illuminate the same at night," because that darkness is always a "warning of danger" that may not be disregarded, and an individual who "ventures onto such area and slips or trips and falls" assumes the risk. 15 Ohio St.2d 224, 239 N.E.2d 37 (Ohio 1968); *Ganz v. Pappas Restaurants, Inc.*, No. 1:19-CV-235, 2020 WL 3050766, at *3 (S.D. Ohio June 8, 2020) (noting that because Ohio courts have consistently recognized that "darkness is an open and obvious condition in and of itself," plaintiff could not recover for falling on the exterior steps of the restaurant due to darkness); *Mowery v. Shoaf*, 773 N.E.2d 1053, 1060 (Ohio Ct. App. 2002) (finding that darkness, specifically a poorly lit parking lot, presented an "obvious danger" that precluded recovery); *Posin v. A. B. C. Motor Court Hotel, Inc.*, 45 Ohio St. 2d 271, 276, 344 N.E.2d 334, 338 (1976) ("The step-in-the-dark rule, as enunciated by Ohio courts, holds generally that one who, from a lighted area, intentionally steps into total darkness, without knowledge, information, or investigation as to what the darkness might conceal, is guilty of contributory negligence as a matter of law.").

While many of the cases deal with natural darkness encountered outdoors, the fact that Plaintiff herein was indoors when she encountered darkness does not change the result under Ohio law. In an analogous case, the court found:

Defendant owed Plaintiff no duty with regard to the darkness of the room because

8

> the darkness was an open and obvious hazard. Plaintiff testified she knew it was dark. She proceeded to walk forward despite this darkness and injured herself when she hit the table. Ohio law makes clear this darkness was an open and obvious condition that alleviated Defendant's duty and thus, its negligence.

*Clay v. U-Haul Co. of Massachusetts & Ohio Inc.*, No. 2:18-CV-1050, 2019 WL 6496942, at *5 (S.D. Ohio Dec. 3, 2019) (internal citations to record omitted).

However, there are some Ohio appellate court decisions that have found that where a person is involuntarily put into darkness, the danger is not "open and obvious" and thus a plaintiff still may be able to recovery under a negligence suit. For example, one Ohio appellate court found that summary judgment was inappropriate where the lights suddenly and without warning went out while the plaintiff was mid-step down a flight of stairs, because reasonable minds could conclude that the plaintiff involuntarily walked through the darkness given that the plaintiff was already walking when the lights went out. *Carter v. Forestview Terrace L.L.C.*, 68 N.E.3d 1284, 2016-Ohio-5229 (Ohio Ct. App. 2016). In another case, an Ohio appellate court explained that in such cases "[t]he injured party must not have actually seen the condition before encountering it. Instead, we must decide whether a reasonable person exercising ordinary care in the same circumstances would have perceived the risk, avoided it, and prevented injury." *Watson v. Bradley*, 84 N.E.3d 97, 2017-Ohio- 431 (Ohio Ct. App. 2017) (finding the "step-in-the dark" rule did not apply to bar negligence claim against a homeowner brought by social guest, who fell down basement stairwell where she was entering the home for the first time through a dark garage and relied on the homeowner's lead).

Based on Plaintiff's own deposition testimony, it is undisputed that Plaintiff was *not* in motion when the lights turned off, but rather she was in a safe seated position. Furthermore, Plaintiff admitted that she made no attempt to activate the motion sensors from a position of

safety by moving her arms while still seated. Instead, Plaintiff appreciated the darkness and, without pulling up and securing her pants, stood up and walked towards the sink despite the darkness. Therefore, Plaintiff's reliance on *Carter* is misplaced. While Plaintiff may not have expected the darkness to take over the room like in *Carter*, that case is distinguishable because the plaintiff therein was already in motion and had no time to appreciate the darkness before she fell. Here, Plaintiff had an opportunity to minimize the risk herself by waving her arms to turn the motion sensor lights back on and by pulling up her pants and securing them before walking towards the sink, but she did not do so. A reasonable person in Plaintiff's situation would have taken both of those precautions. The court finds these points of difference significant. Furthermore, as noted in *Clay*, "it does not matter whether the invitee had a viable alternative to encountering the open and obvious danger." 2019 WL 6496942 at *4 (*quoting Mayhew v. Massey*, 2017-Ohio-1016, 86 N.E.3d 758, 765 (Ohio Ct. App. 2017); *Daher v. Nally's Total Fitness*, No. 2014-L-061, 2015 WL 1138723, at *5 (Ohio Ct. App. Mar. 16, 2015)); *McDonald v. Marbella Rest., et al.*, No. 89810, 2008 WL 2836157 at *5 (Ohio Ct. App. July 24, 2008) (finding that when a plaintiff proceeded to step onto a stair despite it being dark, and fell, the darkness of the stair was an open and obvious condition absolving the defendant of liability).

      Finally, where the moving party has demonstrated the lack of a genuine issue of material fact, the non-moving party may not rely on unfounded allegations, especially after having ample opportunity to engage in discovery. Plaintiff offers no evidence to support her theory that the motion-sensing lights in the family restroom were malfunctioning. Plaintiff points to no maintenance records, repair records, or other evidence to support the contention that the lights were not functioning properly. In addition, Plaintiff and her son both admitted that the lights came on when they entered the restroom, and Plaintiff admits that she never attempted to activate

the lights by waving her arms before deciding to take steps in the dark.

## V. Conclusion

For the foregoing reasons, the Defendant's Motion for Summary Judgment (R. 15) is hereby GRANTED and the matter is dismissed with prejudice. After construing the evidence in the light most favorable to Plaintiff, Plaintiff's inability to identify any cause of the fall demonstrates that there is no material issue of fact in dispute and no reasonable juror could find in Plaintiff's favor regarding the elements of breach and proximate cause. To the extent that Plaintiff contends that darkness caused the fall, there remains no material issue of fact in dispute and the open-and-obvious doctrine demonstrates that no reasonable juror could find in Plaintiff's favor regarding the elements of duty and by extension breach and proximate cause.

IT IS SO ORDERED.

*s/ David A. Ruiz*
David A. Ruiz
United States Magistrate Judge

Date: September 29, 2021